**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) | 
| FREIGHT PRO. INC., and THE ESTATE OF JAMES B. PINCKARD, | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.
2:06cv151-MHT

**AMENDED COMPLAINT FOR INTERPLEADER**

Plaintiff American General Life Insurance Company hereby brings this Amended Complaint for Interpleader and states as follows:

**Parties**

1.      Plaintiff American General Life Insurance Company ("American General") is a corporation organized and existing pursuant to the laws of the State of Texas with its principal place of business in Houston, Texas. Pursuant to 28 U.S.C. §1332(c)(1), American General is a citizen of the State of Texas. American General is the issuer of Policy Number A10103486L on the life of James B. Pinckard, deceased. The death benefit of $250,000 under policy number A10103486L is at issue in this case.

2.      Defendant Estate of James B. Pinckard is an estate established in Montgomery, Alabama. James B. Pinckard, deceased, was a resident of Montgomery, Alabama at the time of his death. As such, the Estate of James B. Pinckard is deemed to be a resident of the State of Alabama.

01297862.1

3. Defendant Freight Pro, Inc. is an Alabama corporation with its principal place of business located in Montgomery, Alabama.

## JURISDICTION AND VENUE

4. Plaintiff American General is a citizen of the State of Texas. Defendants Estate of James B. Pinckard and Freight Pro, Inc. are residents of the State of Alabama. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Accordingly, complete diversity exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. Pursuant to 28 U.S.C. § 1391(c), venue is proper in this Court because each Defendant resides in this judicial district and division.

6. This action is brought as an Interpleader Complaint under Rule 22 of the Federal Rules of Civil Procedure.

## FACTS

7. On or about August 28, 1993, American General Life Insurance Company, issued its Policy No. A10103486L to insure the life of James B. Pinckard. The face amount of the Policy No. A10103486L is $250,000.

8. Policy No. A10103486L named Freight Pro, Inc. as the primary beneficiary. There was no contingent beneficiary named in the policy.

9. On or about July 23, 2005, James B. Pinckard died.

10. The Estate of James B. Pinckard has filed a claim for benefits under Policy No. A10103486L.

11. Upon information and belief, Freight Pro, Inc. is no longer an active corporation. However, no dissolution documents have been received by American General. Nor has any duly authorized officer or remaining shareholder indicated that Freight Pro, Inc. has no interest in the benefits under Policy No. A10103486L.

12. American General is in the position of addressing potentially conflicting claims by the Estate of James B. Pinckard and Freight Pro, Inc.

13. American General is contractually obligated to disburse the benefits payable under Policy No. A10103486L to the appropriate beneficiary.

14. Accordingly, in order to satisfy the deceased's intentions and to protect against multiple and inconsistent claims as well as exposure to double or multiple liability, American General respectfully files this Interpleader Action.

15. American General is a mere stakeholder and has no interest in the proceeds from the Policy, other than to properly pay the death benefit. American General is ready, willing and able to pay to the appropriate beneficiary the death benefit plus the appropriate amount of interest in such amount as the Court shall designate.

**Count One**

16. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17. American General has in its possession $250,000 plus any interest under the relevant statutory provisions representing the death benefit owed to the proper beneficiary of Policy No. A10103486L.

18. Plaintiff is contractually obligated to disburse these funds per the Life Insurance

3

01003458.1

01297862.1

Contract to the appropriate beneficiary.

19.  American General is subject to conflicting claims to the benefits due under Policy No. A10103486L and may be subject to multiple liability without further order of this Court.

20.  Plaintiff is a mere stakeholder and has no interest in the proceeds from Policy No. A10103486L, other than to properly pay the death benefit.  Plaintiff is ready, willing and able to pay the death benefit plus the appropriate amount of interest in such amount as the Court shall designate.

21.  Concurrently with the filing of this complaint, Plaintiffs have filed a motion requesting that it be allowed to deposit into the Registry of the Court $250,000 plus an appropriate amount of interest and to abide by the judgment of this Court.

## Prayer for Relief

**WHEREFORE**, Plaintiff American General prays for the following relief:

a.  that the Court order Defendants to answer this Complaint for Interpleader and litigate or settle among themselves their rights and claims to the proceeds of Policy No. A10103486L;

b.  that, pursuant to 28 U.S.C. § 2361, 28 U.S.C. § 2283 and 28 U.S.C. § 1651, the Court will enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the proceeds of Policy No. A10103486L and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons

      claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the proceeds of Policy No. A10103486L or relating in any way to American General's actions with respect to the handling of this claim;

d.   that the Court will discharge American General from all further liability under or relating to the proceeds of Policy No. A10103486L, other than as ordered by this Court;

e.   that the Court award Plaintiffs attorneys' fees and costs associated with interpleading this matter;

f.   and that the Court will grant such other further relief as American General may be entitled to in law or equity.

Respectfully submitted this 7th day of March, 2006.

/s/ David P. Donahue
David P. Donahue (DON025)

Attorney for Plaintiff, American General Life Insurance Company

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
(205) 254-1000

5

01003458.1

01297862.1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of March 2006, a copy of the foregoing was forwarded by U.S. Mail postage prepaid, affixed hereto, upon the following counsel of record:

Estate of James B. Pinckard
c/o James R. Pinkard
9692 Bent Brook Drive
Montgomery, Alabama 36117

Freight Pro. Inc.
c/o its Registered Agent
John R. Wilson
2320 Lower Wetumpka Road
Montgomery, Alabama 36110

                                        /s/ David P. Donahue
                                        Of Counsel

01297862.1